**Byron R. KOERING, Petitioner–Appellant,**

v.

**Terri GONZALEZ, Respondent–Appellee.**

**No. 10–55585.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2013.

Filed April 23, 2013.

Claudia Pamela Gomez, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Byron R. Koering, San Luis Obispo, CA, pro se.

Matthew Mulford, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: GOODWIN, WARDLAW, and GOULD, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Koering's motion to expand the certificate of appealability to self-defense and defense-of-property issues is **DENIED.** 9th Cir. R. 22–1(e). No "jurists of reason could disagree with the district court's resolution" of those issues. *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**MEMORANDUM \***

Pursuant to a limited certificate of appealability,[1] Byron Koering challenges the district court's denial of his habeas corpus petition. We affirm.

Our habeas review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA provides that if a federal habeas petitioner is in custody pursuant to a state court judgment and the petitioner's "claim ... was adjudicated on the merits in" state court proceedings,[2] our review is deferential. 28 U.S.C. § 2254(d). We may grant the writ only if: (1) the state adjudication "was contrary to, or involved an unreasonable application of" clearly established federal law, as determined by the Supreme Court; or (2) the state adjudication "was based on an unreasonable determination of the facts in light of the evidence presented." *Id.* § § 2254(d)(1)-(2).

The California Court of Appeal's decision affirming the trial court's decision not to instruct on a lesser included offense does not satisfy either prong of § 2254(d). Koering was entitled to jury instructions regarding his theory of defense, and the trial court's instructions were consistent with his theory. *See Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *Solis v. Garcia,* 219

2. Where, as here, the state court rejects a "federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits" for AEDPA purposes. *Johnson v. Williams,* —— U.S. ——, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013); *Harrington v. Richter,* —— U.S. ——, 131 S.Ct. 770, 784–85, 178 L.Ed.2d 624 (2011). Although habeas petitioners may overcome the presumption in some circumstances, *see Harrington,* 131 S.Ct. at 785, Koering has not done so here.

F.3d 922, 929 (9th Cir.2000). Although Koering contends that the jury should have received instructions regarding brandishing a firearm, *see* Cal.Penal Code § 417, he did not rely on a brandishing theory of defense, and nothing in the record shows that he even sought such an instruction.

Koering then argues that the jury should have received a brandishing-a-firearm instruction because brandishing is a lesser included offense of assault with a firearm. *Id.* § 245(a)(2). This argument runs counter to California authority holding that section 417 brandishing is not a lesser included offense of section 245 assault. *See People v. Steele*, 83 Cal.App.4th 212, 99 Cal.Rptr.2d 458, 462–65 (2000); *People v. Escarcega*, 43 Cal.App.3d 391, 117 Cal.Rptr. 595, 599–600 (1974). But even assuming *arguendo* that brandishing were a lesser included offense of assault, the "failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir.1998); *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir.1984).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.